UNITED STATES of America,
Plaintiff–Appellee,

v.

Ana Gloria HOSKINS,
Defendant–Appellant.

No. 89–7056.

United States Court of Appeals,
Fifth Circuit.

Sept. 6, 1990.

Edgar A. Mason, Dallas, Tex., for defendant-appellant.

Randell P. Means, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before THORNBERRY, JOHNSON and SMITH, Circuit Judges.

JOHNSON, Circuit Judge:

Ana Gloria Hoskins appeals the district court's denial of her motion to vacate sentence. Finding no error, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This appeal finds its genesis in a plan devised by the appellant, Ana Gloria Hoskins (Hoskins), and Barbaro Jorge Colina (Colina) for the importation and sale of cocaine. Acting on information which they had received about the scheme, officers of the Plano, Texas, Police Department observed a meeting between Hoskins and Colina, both citizens of Cuba, at the Dallas/Fort Worth International Airport. At that time, Colina had arrived on a nonstop flight from Miami, Florida, and Hoskins had driven to the airport from a hotel in Plano to meet Colina. The officers approached Hoskins and Colina and detained the pair after determining that neither of them possessed the necessary immigration papers for entry into the United States. The resulting search of Colina's luggage revealed approximately 1,000 grams of cocaine.

After her arrest, a two-count indictment was returned against Hoskins charging her with conspiracy to possess with intent to distribute 1,000 grams of cocaine and possession of 1,000 grams of cocaine with intent to distribute. Pursuant to a plea bargain agreement between Hoskins and the Government, and after proper admonishment from the district court, Hoskins entered a plea of guilty to a superseding indictment which charged Hoskins with aiding and abetting the interstate transportation of cocaine. Hoskins' sentence was assessed by the district court at fifty-four months' imprisonment to be followed by a three year term of supervised release.

After the sentencing hearing, Hoskins asked for and was granted a private audience with the trial judge. During that meeting, Hoskins lodged several complaints regarding the quality of representation which she had received from her attorney and expressed a desire to employ another attorney. On the basis of her grievances, Hoskins was invited by the district court to consult with another attorney who was well acquainted with the case. The district court further advised Hoskins that after she had done so, the district court would entertain a motion to allow Hoskins to withdraw her plea of guilty.

Instead of consulting the attorney who had been suggested by the district court, Hoskins retained the services of yet another attorney. Hoskins' new counsel, rather than filing a motion for a new trial or a motion for arrest of judgment, filed a motion to vacate sentence. After conducting a hearing on Hoskins' motion to vacate sentence at which Hoskins and her former attorney testified, the district court concluded that Hoskins' plea had been voluntary and that Hoskins had received effective assistance of counsel. Accordingly, the district court denied the motion to vacate sentence.

Thereafter, Hoskins perfected the instant appeal.

## II. DISCUSSION

On appeal, Hoskins contends that the district court erred in concluding that Hoskins' first attorney provided her with effective assistance of counsel. The seminal case for ineffective assistance of counsel claims is *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in which the Supreme Court set forth the two-part test to be applied to such claims. To prevail under the *Strickland* analysis, a defendant must demonstrate that 1) "counsel's representation fell below an objective standard of reasonableness," *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064 and 2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Mindful of the above standards, we review *de novo* Hoskins' claims regarding her attorney's performance. *Diaz v. Martin,* 718 F.2d 1372, 1376 (5th Cir.1983). With regard to the district court's factual findings underlying the effectiveness inquiry, however, we apply clearly erroneous standard. *Id.*

After reviewing the record, we agree with the district court's conclusion that Hoskins' first attorney, Yale Galanter (Galanter), was a competent attorney who had achieved considerable experience and

expertise within the confines of the criminal justice system. For over a year, Galanter met regularly with Hoskins. He also met with the prosecution and reviewed the state's files. Galanter successfully negotiated a plea agreement which reduced Hoskins' potential prison term from eighty to five years and obtained a sentence reduction under the United States Sentencing Guidelines. Accordingly, we are constrained to conclude that Hoskins has not made the threshold showing that Galanter's performance fell below an "objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064. We therefore do not reach the second prong of the *Strickland* test.

■■ Hoskins next argues that the district court erred in denying Hoskins' motion to vacate sentence. Withdrawal of a plea of guilty may occur either before or after the imposition of sentence. The standards for withdrawal of a plea of guilty before sentence are fairly liberal. *See* Fed. R.Crim.P. 32(d). On the other hand, the standard for withdrawal of a guilty plea after sentencing is considerably more stringent. A defendant seeking to withdraw a plea of guilty at the post-sentencing stage is obligated to show "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *See, e.g., Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Hoskins admits on brief that this is a "monumental hurdle" which she must surpass to prevail on appeal.

In support of Hoskins' contention that the district court should have allowed her to withdraw her plea of guilty after sentencing, Hoskins argues that her plea of guilty was involuntarily given. Hoskins maintains that her plea was involuntary because she was frightened into pleading guilty by Galanter's alleged representations to her that 1) she could receive a long prison sentence if she went to trial but might get probation if she did not, 2) that most criminal trials in federal court result in convictions, and 3) that juries in the Northern District of Texas harbor racial prejudice against hispanics. The record in this case belies Hoskins' contentions. At the hearing on Hoskins' motion to vacate sentence, Galanter disputed the above statements and testified that he had not so advised Hoskins. After hearing testimony from both Hoskins and Galanter, the district court obviously found Galanter's testimony to be more credible. This Court will, as a general rule, not disturb a district court's credibility determinations. We decline Hoskins' invitation to do so here.

■■ Moreover, rather than corroborating Hoskins' claims that her plea was involuntarily given, the record in this case instead shows that Hoskins merely experienced regret over her decision to plead guilty—a circumstance patently insufficient to warrant withdrawal of a guilty plea either before or after sentencing. This conclusion finds support in the fact that Hoskins herself, when she entered her plea, signed a sworn factual statement, acknowledged that the facts contained therein were correct, listened to the district court's admonishments, and represented to the district court that her plea was knowing and voluntary. As we view this record, Hoskins merely changed her mind after learning the consequences of her plea, and as this Court has held, a mere change of mind is insufficient to permit the withdrawal of a guilty plea before sentencing, much less after sentencing. *See United States v. Hurtado,* 846 F.2d 995 (5th Cir.1988). This Court cannot and will not countenance roulette wheel tactics in situations such as the one presented here.

In sum, Hoskins has simply not shown that the district court's denial of her motion to vacate sentence has resulted in manifest injustice. Accordingly, the district court's denial of the motion was not error.

## III. CONCLUSION

The district court did not err in concluding that Hoskins received effective assistance of counsel and that Hoskins' guilty plea was voluntarily given. Accordingly, the district court's denial of Hoskins' mo-

**312**

tion to vacate sentence was not improper. The judgment of conviction is affirmed.

AFFIRMED.