**Revised May 10, 2000**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 00-50101**

---

**CARUTHERS ALEXANDER,**

**Petitioner-Appellant,**

**v.**

**GARY L. JOHNSON, DIRECTOR,**
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**
**INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

---

**Appeal from the United States District Court for the**
**Western District of Texas**

---

May 5, 2000

Before JOLLY, DAVIS and JONES, Circuit Judges.

PER CURIAM:

Caruthers Alexander, a Texas death row inmate, seeks a certificate of appealability ("COA") to appeal the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2253. Because Alexander's petition runs afoul of the nonretroactivity rule in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989), we deny the requested COA.

**BACKGROUND**

In April 1989, a jury found Alexander guilty for the capital murder of Lori Bruch in the course of committing and attempting to commit aggravated rape.[1] Following a separate hearing on punishment, the same jury affirmatively answered the special questions submitted to it pursuant to former Article 37.071 of the Texas Code of Criminal Procedure. The trial court sentenced Alexander to death. The Court of Criminal Appeals affirmed the conviction and sentence in April 1993.[2] Alexander v. State, 866 S.W.2d 1 (Tex. Crim. App. 1993). Rehearing was denied in September 1993, and the United States Supreme Court denied Alexander's petition for certiorari on May 16, 1994, rendering his conviction final. Alexander v. Texas, 511 U.S. 1100, 114 S.Ct. 1869 (1994).

Alexander next filed an application for writ of habeas corpus in the state trial court. The trial court entered findings of fact and conclusions of law on September 21, 1996, and the Court of Criminal Appeals denied relief based on these findings on November 26, 1997. Alexander then moved for and received a stay of

---

[1] This was Alexander's second trial for this offense. Alexander was previously convicted of capital murder and sentenced to death in 1981. The Texas Court of Criminal Appeals overturned his conviction on October 7, 1987. Alexander v. State, 740 S.W.2d 749 (Tex. Crim. App. 1987).

[2] The Court of Criminal Appeals recounts in detail the evidence supporting Alexander's conviction. Alexander, 740 S.W.2d at 4-5. The recitation of facts confirms that the charge against Alexander was abundantly proved by physical evidence.

execution in federal district court.  On July 1, 1998, Alexander filed the instant habeas petition, which the district court denied on November 30, 1999.  Alexander's motion to alter and amend the judgment was denied on January 7, 2000, and in both orders, the district court denied a COA.

Alexander applied for a COA with this court, and we granted Alexander's motion for stay of execution in order to consider his application.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Alexander must obtain a COA in order to appeal the denial of his habeas petition.  A COA may only be issued if the prisoner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason;  that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'"  Drinkard v. Johnson, 97 F.3d 751, 755 (5th Cir.1996) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).  See Slack v. McDaniel, ___ S.Ct. ___, 2000 WL 478879, *6-7 (U.S. S.Ct. Apr. 26, 2000).  In a capital case, "the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate," although the court may properly consider

3

the nature of the penalty in deciding whether to allow an appeal. Barefoot, 463 U.S. at 893, 103 S.Ct. at 3395.

Alexander argues that his rights under the Eighth and Fourteenth Amendments were violated by the trial court's refusal to instruct the jury as to the effect of a hung jury. The Texas sentencing statute provides that if a capital sentencing jury answers "yes" to each of the punishment questions submitted, the defendant will be sentened to death, but if ten or more jurors answer one or more of the issues "no," or if the jury is unable to agree on an answer to any issue, the defendant will be sentenced to life imprisonment. Texas Code Crim. Proc. Ann. 37.071(d)(2),f(2), &(g) (Vernon Supp. 1999). The statute, however, prohibits the court or the attorneys for the state or the defendant from informing the jury of the effect of the failure to agree on an issue. Id. In Texas, this is commonly called the "10-12 Rule."

During jury deliberations at the punishment phase of Alexander's trial, the jury sent the following note to the court:

> If jury deliberation does not produce a 12-0
> "yes" vote, or a 10-2 "no" vote, on a special
> issue, what other recourse does the jury have?
> /s Foreman

The court replied that it was not authorized to give any additional instructions on the issue. Alexander asserts that this refusal to issue clarifying instructions was unconstitutional because it created a false need for a nearly unanimous response to the special issues.

4

This Court has considered this argument before and found it barred by the nonretroactivity rule of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989).[3] See Webb v. Collins, 2 F.3d 93 (5th Cir. 1993). Because we find Webb materially indistinguishable from the instant case, we conclude that Alexander's argument is Teague-barred as well. The petioner in Webb made the same argument as Alexander -- that the Texas 10-12 rule compelled the jury to vote "yes" on the special issues -- and he relied on the same authority -- Mills v. Maryland, 486 U.S. 367, 108 S.Ct. 1860 (1988).[4] See Webb, 2 F.3d at 95. We concluded in Webb that the principles of Mills did not dictate the rule urged by the petitioner, see Webb, 2 F.3d at 96, and precedent constrains us to reach the same conclusion here.[5]

---

[3] Under Teague, new rules of constitutional criminal procedure will not be announced on federal habeas review unless an exception applies. Teague, 489 U.S. at 316, 109 S.Ct. at 1078. "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government . . . . To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Id. at 301, 109 S.Ct. at 1070.

[4] In Mills, the Supreme Court struck down a death sentence imposed under Maryland's capital punishment scheme because jury instructions may have precluded the jury from considering mitigating evidence unless the jury agreed unanimously on each mitigating factor. See Mills, 486 U.S. at 384, 108 S.Ct. at 1870. The Court has subsequently interpreted Mills to mean that "each juror [must] be permitted to consider and give effect to mitigating evidence when deciding the ultimate question whether to vote for a sentence of death." McKoy v. North Carolina, 494 U.S. 433, 442-43, 110 S.Ct. 1227, 1233 (1990).

[5] In addition to be being barred by Teague, Alexander's substantive argument is meritless. The Supreme Court recently

Alexander makes two additional arguments in quest of his COA. First, he urges us to allow the parties to re-brief all claims in light of the Supreme Court's recent decision in Williams v. Taylor, -- S.Ct.---, 2000 WL 385369 (U.S.), which modified the habeas standard announced in Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996). The problem with this argument is that Williams is irrelevant to our disposition of Alexander's constitutional claim. Alexander's claim is Teague-barred, separate and apart from any deference to state court findings or conclusions, and any argument on the Supreme Court's modification of the Drinkard standard would be unproductive.

Alexander also argues that the district court's sua sponte denial of COA denied him meaningful access to the courts and representation of counsel.[6] This argument is meritless. It is perfectly lawful for district court's to deny COA sua sponte. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued. 28 U.S.C. § 2253(c).

rejected the theory that a district court's failure to instruct the jury as to the consequences of deadlock gives rise to an Eighth Amendment violation. See Jones v. United States, 119 S.Ct. 2090, 2099 (1999). Furthermore, the Fifth Circuit has expressly rejected the contention that Texas's 10-12 Rule prevents jurors from considering mitigating circumstances. See Jacobs v. Scott, 31 F.3d 1319, 1328-29 (5th Cir. 1994).

[6] Alexander's argument that the district court applied the incorrect legal standard for granting a COA barely rates mentioning in view of the fact that the court applied the precise standard mandated by Fifth Circuit precedent.

Furthermore, Alexander points to no legal support for his contention that his rights were violated by the district court's <u>sua</u> <u>sponte</u> denial of COA without prior briefing and argument by counsel. Arguably, the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.

**CONCLUSION**

Because Alexander's constitional argument was foreclosed by <u>Teague</u>, he is unable to make a substantial showing that his consititional rights were denied. We therefore **DENY** his application for a COA and **VACATE** the stay of execution granted by this court.

7