Nelson GARCIA, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. EP–04–CV–449–PRM, EP–03–CR–1588–PRM.

United States District Court, W.D. Texas, El Paso Division.

Jan. 3, 2007.

Nelson Garcia, McRAE, GA, pro se.

David Joseph Kimmelman, Federal Public Defender, El Paso, TX, for Petitioner.

Amalia M. Cavazos, U.S. Attorneys, El Paso, TX, for Respondent.

### *MEMORANDUM OPINION & ORDER*

MARTINEZ, District Judge.

Before the Court is Petitioner Nelson Garcia's *pro se* "Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody," filed on December 2, 2004. Respondent United States of America (hereinafter, "the Government") filed a "Response to Motion to Vacate, Set Aside or Correct Sentence Pursuant to Section 2255" on January 20, 2005. Garcia's Reply followed on March 28, 2005. For the reasons discussed below, the Court concludes that Garcia has not shown that he is entitled to relief under the applicable legal standards. The Court will accordingly deny Garcia relief and dismiss his Motion to Vacate with prejudice. The Court will additionally deny Garcia a Certificate of Appealability.

### I. BACKGROUND & PROCEDURAL HISTORY

#### A. *Criminal Cause No. EP–03–CR–1588–PRM*

On August 20, 2003, the Grand Jury sitting in El Paso, Texas, returned a one-count Indictment against Garcia, charging him with Illegal Reentry, in violation of 8 U.S.C. § 1326(a)(1). With the Indictment, the Government filed a notice signaling its intent to enhance Garcia's punishment pursuant to 8 U.S.C. § 1326(b)(2), based on

his prior conviction for an aggravated felony. In other words, if the Government proved at sentencing that Garcia had a prior, final conviction for an aggravated felony, Garcia would be subject to a sentence of imprisonment of not more than twenty years, rather than the statutory maximum of two years absent the enhancement.[1]

On October 14, 2003, Garcia pled guilty to the Indictment. The Court entered its final judgment on January 15, 2004, sentencing Garcia to a 46–month term of imprisonment and a three-year term of non-reporting supervised release. The Court additionally ordered Garcia to pay a $100 special assessment. Garcia filed a timely Notice of Appeal. The Court of Appeals for the Fifth Circuit affirmed his sentence on June 23, 2004.

### B. Garcia's Motion to Vacate Pursuant to 28 U.S.C. § 2255

The Court has read Garcia's Motion to Vacate liberally, pursuant to *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). After review, the Court understands Garcia to raise two claims for relief. First, Garcia contends that his counsel rendered ineffective assistance at sentencing by failing to seek a downward departure based on the "Fast Track" program under U.S. S.G. § 5K3.1 ("Ground One"). Second, Garcia contends that his sentence was enhanced in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in that he had the right to have a jury determine beyond a reasonable doubt any fact which, if proven, would enhance his sentence ("Ground Two"). On December 15,

2004, the Court issued a "Partial Dismissal Order and Order to Show Cause," in which the Court dismissed with prejudice Ground Two of Garcia's Motion to Vacate as barred under *United States v. Pineiro,* 377 F.3d 464 (5th Cir.2004).

Before reaching the merits of Garcia's Motion to Vacate, the Court will first consider the scope and purpose of motions to vacate pursuant to 28 U.S.C. § 2255.

## II. MOTIONS TO VACATE PURSUANT TO 28 U.S.C. § 2255

■■■ After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that [he] stands fairly and finally convicted."[2] Accordingly, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[3] A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to 28 U.S.C. § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or federal law; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[4]

It is well settled that, absent countervailing equitable considerations, a district court will refuse to adjudicate claims that were previously raised and rejected on direct review.[5] It is similarly well settled that a collateral challenge may not take

---

1. 8 U.S.C.A. § 1326 (West 2006).

2. *United States v. Willis,* 273 F.3d 592, 595 (5th Cir.2001).

3. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992).

4. *United States v. Seyfert,* 67 F.3d 544, 546 (5th Cir.1995).

5. *Moore v. United States,* 598 F.2d 439, 441 (5th Cir.1979).

the place of a direct appeal.[6] If a petitioner challenging his conviction and sentence pursuant to 28 U.S.C. § 2255 could have raised his constitutional or jurisdictional issues on direct appeal, he may not raise them for the first time on collateral review unless he shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent.[7]

 To satisfy the "cause" standard, a petitioner must "show that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances."[8] The procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel.[9] To establish "actual innocence" sufficient to overcome the procedural bar to review of his claims, a petitioner must present new evidence which, when considered with all the evidence presented at trial, makes it more likely than not that no reasonable juror would have convicted the petitioner.[10]

## III. GARCIA WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL

### A. Legal Standard

An ineffective assistance of counsel claim has two components.[11] First, the petitioner must show that counsel performed deficiently.[12] "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'"[13] The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that 'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'"[14]

To establish that counsel's representation fell below an objective standard of reasonableness, a petitioner must overcome a strong presumption that his attorney's conduct fell within a wide range of reasonable professional assistance.[15] Reviewing courts are extremely deferential in scrutinizing counsel's performance, making every effort to eliminate the distorting effects of hindsight.[16] It is strong-

---

6. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) ("[A] collateral challenge may not do service for an appeal").

7. *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir.1991).

8. *United States v. Guerra,* 94 F.3d 989, 993 (5th Cir.1996) (internal quotation omitted).

9. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.1992) (stating that the general rule in the Fifth Circuit is that, except in rare instances where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations).

10. *Schlup v. Delo,* 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

11. *Wiggins v. Smith,* 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

12. *Wiggins,* 539 U.S. at 521, 123 S.Ct. 2527.

13. *Id.* (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052).

14. *Id.* (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052).

15. *Strickland,* 466 U.S. at 687–91, 104 S.Ct. 2052.

16. *See, e.g., Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (explaining the compelling policy considerations behind *Strickland's* contemporary, rather than retrospective, assessment of coun-

ly presumed that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions.[17] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law, are virtually unchallengeable.[18] Counsel is neither required to advance every non-frivolous argument, nor to investigate every conceivable matter, nor to assert patently frivolous arguments.[19] Defense counsel is similarly not required to exercise clairvoyance during the course of a criminal trial.[20]

Furthermore, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[21] Accordingly, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[22]

Because a convicted defendant must satisfy both *Strickland* prongs, his failure to establish either deficient performance or prejudice makes it unnecessary for a court to examine whether the petitioner has satisfied the other prong.[23] Therefore, a convicted defendant's failure to establish that his counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of

sel's conduct); *Burger v. Kemp,* 483 U.S. 776, 789, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987) (stating that a fair assessment of attorney performance requires the court to make every effort to eliminate the distorting effect of hindsight and to evaluate counsel's decisions based on the then-existing circumstances and counsel's perspective at the time); *Green v. Johnson,* 116 F.3d 1115, 1122 (5th Cir.1997) (stating that the court will not find inadequate representation merely because, with the benefit of hindsight, it disagrees with counsel's strategic choices).

**17.** *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052; *Drew v. Collins,* 964 F.2d 411, 422 (5th Cir.1992); *Duff–Smith v. Collins,* 973 F.2d 1175, 1182 (5th Cir.1992).

**18.** *See Boyle v. Johnson,* 93 F.3d 180, 187–88 (5th Cir.1996) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel feared that the jury would not view such testimony as mitigating and that the prosecution might respond to the testimony by presenting its own psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson,* 92 F.3d 1385, 1406–09 (5th Cir.1996) (holding that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); *cf. Wiggins,* 539 U.S. at 524,

123 S.Ct. 2527 (holding that, in a capital case, counsel's decision not to expand its mitigation-defense investigation beyond reviewing a presentence investigation report and Department of Social Services records, despite suggestions that additional, significant mitigating evidence existed, was unreasonable and fell below professional standards).

**19.** *See Sones v. Hargett,* 61 F.3d 410, 415 n. 5 (5th Cir.1995) (stating that counsel cannot be held deficient for failing to press a frivolous point); *United States v. Gibson,* 55 F.3d 173, 179 (5th Cir.1995) (explaining that the Sixth Amendment does not require counsel to file meritless motions); *Smith v. Collins,* 977 F.2d 951, 960 (5th Cir.1992) ("The defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources.").

**20.** *Sharp v. Johnson,* 107 F.3d 282, 290 n. 28 (5th Cir.1997).

**21.** *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052.

**22.** *Id.* at 692, 104 S.Ct. 2052.

**23.** *Id.* at 700, 104 S.Ct. 2052; *Green,* 116 F.3d at 1121; *see also Burnett v. Collins,* 982 F.2d 922, 928 (5th Cir.1993) (stating that the defendant bears the burden of proof on both prongs of the *Strickland* test).

prejudice.[24] Similarly, it is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[25] Moreover, mere conclusory allegations in support of ineffective assistance claims are insufficient, as a matter of law, to raise a constitutional issue.[26]

With the principles articulated above in mind, the Court now turns to the merits of Garcia's ineffective assistance claim.

### B. Discussion

■ In Ground One of his Motion to Vacate, Garcia claims that he was denied the ineffective assistance of counsel in that his counsel failed to seek a downward departure based on the "Fast Track" program. U.S.S.G. § 5K3.1 provides as follows:

> *Early Disposition Programs (Policy Statement).* Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

Garcia contends that had his attorney advised him about the "Fast Track" program, he would have willingly complied with all requirements to ensure his eligibility for the four-level downward departure.[27]

The downward departure of § 5K3.1 is not available to all defendants. Instead, the terms of § 5K3.1 make clear that the Court may apply such a departure only when the Attorney General and the United States Attorney have authorized the use of the "Fast Track" program in this district. Such a program has not been authorized for the Western District of Texas.[28] Therefore, Garcia was not eligible for a downward departure under § 5K3.1. For Garcia's counsel to request such a departure would have been frivolous, and his failure to do so does not constitute ineffective assistance of counsel.[29]

## IV. GARCIA'S SENTENCE DID NOT VIOLATE *BOOKER*

In Ground Two of his Motion to Vacate, Garcia claims that his sentence was enhanced in violation of the Sixth Amendment, in that the existence of a prior conviction used to enhance his sentence

---

**24.** *United States v. Hoskins,* 910 F.2d 309, 311 (5th Cir.1990); *Thomas v. Lynaugh,* 812 F.2d 225, 229–30 (5th Cir.1987).

**25.** *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052 (explaining that it is not necessary for a court evaluating the merits of an ineffective assistance claim to analyze the components of the applicable test in any particular order or to evaluate both components if the petitioner fails to carry his burden as to one aspect of the test); *Black v. Collins,* 962 F.2d 394, 401 (5th Cir.1992) (stating that a court evaluating a claim of ineffective assistance need not address the components of the applicable test in order, and if a defendant fails to carry his burden as to one component of the test, the court need not address the other component); *Pierce,* 959 F.2d at 1302 (asserting that "[a]n insufficient showing of prejudice pretermits

addressing the adequacy prong" of the *Strickland* test for ineffective assistance).

**26.** *See Kinnamon v. Scott,* 40 F.3d 731, 735 (5th Cir.1994) (per curiam) (holding that a petitioner's speculative complaints of ineffective assistance by appellate counsel did not warrant federal habeas relief).

**27.** Pet.'s Mem. in Support of Mot. to Vacate 2, 7.

**28.** *United States v. Aguirre–Villa,* 460 F.3d 681, 682 (5th Cir.2006) (per curiam).

**29.** *See United States v. Cronic,* 466 U.S. 648, 656 n. 19, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) ("If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade.").

should have been proved beyond a reasonable doubt to a jury rather than by a preponderance of evidence to a judge. Garcia based this claim on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). At the time his Motion to Vacate was filed, Garcia's argument was foreclosed by the Fifth Circuit's decision in *United States v. Pineiro*, 377 F.3d 464 (5th Cir.2004), which held that *Blakely* did not apply to the federal Sentencing Guidelines. Garcia conceded in his Motion that he "is raising this issue in order to preserve his right to raise it before the Supreme Court." [30] On December 15, 2004, the Court summarily dismissed Ground Two of Petitioner's Motion to Vacate, in accordance with *Pineiro*.

Since that dismissal, the Supreme Court has decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which announced that the principles of *Blakely* apply to the federal Sentencing Guidelines, thereby making the Sentencing Guidelines advisory rather than mandatory. In his reply to the Government's response to his Motion to Vacate, Garcia requests that the Court reconsider his claim in light of *Booker*. Even if the

Court were to do so, the claim would fail on both procedural and substantive grounds.

 First, the Fifth Circuit has held that *Booker* does not apply retroactively on collateral review to initial § 2255 motions.[31] Since Garcia's conviction became final before *Booker* was decided, his claim is not cognizable. Second, even if Garcia's claim was cognizable, it would nonetheless fail on the merits. The Court's use of Garcia's prior conviction to enhance his sentence does not constitute a violation of *Booker*.[32] Therefore, Ground Two of Garcia's Motion to Vacate also fails.

## V. CERTIFICATE OF APPEALABILITY

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") converted the "certificate of probable cause" ("CPC") required to appeal from the denial of a petition for federal habeas corpus relief, including the denial of § 2255 motions to vacate, into a Certificate of Appealability ("CoA").[33] To appeal the denial of a habeas corpus petition filed under 28 U.S.C. § 2255, the petitioner must obtain a CoA.[34] Appellate review of a habeas petition is moreover limited to the issues on which a CoA is granted.[35]

---

**30.** Pet.'s Mem. in Support of Mot. to Vacate 8.

**31.** *United States v. Gentry*, 432 F.3d 600, 601 (5th Cir.2005); *see also Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (stating that, as a general rule, new constitutional rules of criminal procedure are not applied retroactively to cases that became final before the decision was announced).

**32.** *See Booker*, 543 U.S. at 244, 125 S.Ct. 738 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added).

**33.** *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir.1997) (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir.1997) ("The standard for obtaining a CoA is the same as for a CPC.").

**34.** 28 U.S.C.A. § 2253(c)(2) (West 2006); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**35.** *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir.1997) ("CoAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone.").

A CoA to appeal the denial of a habeas corpus petition shall be issued only upon "a substantial showing of the denial of a constitutional right."[36] The showing necessary to obtain a CoA on a particular claim depends upon the manner in which the Court has disposed of a claim. If the Court rejects a prisoner's constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[37] If the petitioner wishes to challenge the Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, he must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling.[38] The Court is authorized to address the propriety of granting a CoA *sua sponte*.[39]

After considering the entire record and the parties' pleadings, the Court concludes that jurists of reason would not debate whether Garcia has stated a valid claim for relief or whether a procedural ruling in this case is correct. Accordingly, the Court declines to issue a Certificate of Appealability regarding either of Petitioner's claims for relief.

## VI. CONCLUSION & ORDER

In sum, the Court concludes that Petitioner Nelson Garcia's Motion to Vacate should be denied and this matter dismissed with prejudice. The Court further finds that Garcia is not entitled to a Certificate of Appealability. Accordingly,

1. Petitioner Nelson Garcia's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Docket No. 31), filed on December 2, 2004, is **DENIED** and this matter is **DISMISSED WITH PREJUDICE.**

2. Petitioner Nelson Garcia is **DENIED** a Certificate of Appealability.

3. All pending motions in this cause, if any, are **DENIED AS MOOT.**

**36.** 28 U.S.C. § 2253(c)(2); *Miller–El,* 537 U.S. at 327, 123 S.Ct. 1029.

**37.** *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**38.** *Id.*

**39.** *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000) (per curiam).