# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10608
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL MENDOZA SOLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-188

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges
PER CURIAM:*

Miguel Mendoza Solis appeals his guilty plea conviction for conspiracy to possess with the intent to distribute methamphetamine and his resulting 188-month sentence. First, he contends that the district court erred in denying his motion to withdraw his guilty plea. To succeed on this claim, Solis must show that the district court abused its broad discretion in denying his motion. *See United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10608

On appeal, Solis abandons the claim, raised below, that counsel induced his plea with a false promise that he would be deported and not go to prison. *See United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005). Instead, he challenges the district court's finding that all but one of the seven *Carr* factors for consideration weighed against permitting him to withdraw his plea.

The record, including Solis's presumptively truthful sworn statements at rearraignment and his former attorney's credited testimony at the hearing on the motion to withdraw, supports the district court's finding that the overwhelming majority of the relevant factors weighed against withdrawal of the plea. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Hoskins,* 910 F.2d 309, 311 (5th Cir. 1990); *see also Carr*, 740 F.2d at 344. Solis's conclusional assertions to the contrary are insufficient to carry his burden. *See Carr*, 740 F.2d at 244. As the Government contends, Solis did not have a substantial, "fair and just reason" for changing his plea; rather, the record shows that he changed his mind for tactical reasons when it appeared that his sentence would be harsher than anticipated, which change of heart is insufficient to justify withdrawal. *See Hoskins*, 910 F.2d at 311; *Carr*, 740 F.2d at 345.

Next, Solis challenges his sentence as procedurally unreasonable, urging that his guidelines calculations were incorrect in several respects. For the first time on appeal, he contends that the district court erred in the methodology it used to calculate the drug quantity attributed to him under U.S.S.G. § 2D1.1, improperly double counting a $17,000 drug debt as the debt may have been for one of two quantities of methamphetamine already attributed to him for prior drug transactions. The newly raised objection would ordinarily be subject to plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). However, the question whether the PSR incorrectly double counted a

single drug quantity presents a factual issue which could have been resolved by the district court upon proper objection at sentencing; thus, it cannot constitute plain error. *See United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012).

Solis also challenges the two level importation enhancement he received under § 2D1.1(a)(5), but, as with his previous claim, he raises arguments not asserted below. Whereas he objected to the enhancement in the district court because "there was no nonprivileged information available to the government or to the probation officer tending to establish that the methamphetamine was imported *or* that [he] knew that the methamphetamine . . . was imported unlawfully," he now asserts that the district court erroneously based the enhancement on unreliable and uncorroborated statements from codefendants and on the purity of the drugs involved. His newly asserted challenges to the importation enhancement again raise factual issues which could have been resolved by the district court upon proper objection at sentencing, and he therefore cannot show plain error. *See Claiborne*, 676 F.3d at 438.

Additionally, Solis argues that the district court erred in failing to award a two level reduction under the safety-valve provision of § 2D1.1(b)(17) and 18 U.S.C. § 3553(f). This court will uphold the district court's decision whether a defendant qualifies for the safety valve if it is not clearly erroneous. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). A decision is not clearly erroneous if it is plausible in light of the entire record. *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).

Under § 2D1.1(b)(17), a defendant is eligible for a two level safety-valve reduction if he meets the criteria listed in § 5C1.2(a), the fifth of which requires that, prior to sentencing, he truthfully provides the Government with all relevant information he has concerning the offense. § 5C1.2(a)(5); *see*

§ 3553(f)(5).  Solis contends that, although he did not initially identify the supplier for whom he worked, he did so prior to sentencing and thus qualified for the reduction.  However, the district court's implicit finding that Solis did not provide the Government with all of the information he knew about the supplier or the drug conspiracy is supported by the record, including a codefendant's statements that Solis knew more about the offense than he had admitted.  *See Davis*, 76 F.3d at 84.  The fact that Solis made a partial disclosure is not sufficient to carry his burden of proving entitlement to a safety-valve reduction.  *See, e.g. McCrimmon*, 443 F.3d at 457-58.  Accordingly, the district court did not clearly err in denying the reduction.  *See id.*; *Davis*, 76 F.3d at 84.

Likewise, Solis has not shown that the district court clearly erred in denying him a § 3B1.2(b) reduction for a minor role in the offense.  *See United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005).  Although he contends that he was merely a courier and lookout and was thus peripheral to the advancement of the offense, his assertion is belied by the record, which demonstrates that he participated in numerous drug transactions; was paid for services as a courier, lookout, or "muscle"; was in frequent, direct contact with the Mexican supplier; and collected money from a codefendant for the supplier on several occasions.  Moreover, even if his characterization of his conduct as a mere courier were accurate, this court has noted that a courier is "an indispensable part" of a drug enterprise.  *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989).  Because Solis admitted his knowledge of the drug conspiracy and performed tasks that were integral to the success of the enterprise, the district court did not clearly err in denying a minor role adjustment.  *See Villanueva*, 408 F.3d 193, 203 & n.9; *see also United States v. Alaniz*, 726 F.3d 586, 626 (5th Cir. 2013).

No. 14-10608

Alternatively, Solis challenges his within-guidelines sentence as substantively unreasonable. Specifically, he contends that the district court erred in failing to give adequate consideration to the nature and circumstances of the offense, including the fact that he acted under duress, only participating in the conspiracy because he had been threatened by dangerous people in Mexico,[1] as well as the fact that he was not a leader or organizer of the conspiracy, acting instead only as a courier or lookout.

As Solis concedes, his within-guidelines sentence "is presumed [to be] substantively reasonable." *United States v. Tuma*, 738 F.3d 681, 695 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 2875 (2014). He has failed to rebut this presumption. The district court's comments at sentencing clearly demonstrate that it considered Solis's claim of coercion, along with other circumstances, including his criminal past and his discredited allegations regarding his guilty plea, in imposing sentence where it did within the guidelines range. Solis does not point to any overlooked or improperly considered factors, and his mere disagreement with the propriety of the sentence imposed does not establish that his sentence is unreasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). His challenge to his sentence is essentially a request to have this court reweigh the sentencing factors, which this court will not do. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

Solis has failed to demonstrate any error in the district court's judgment. Accordingly, the judgment is AFFIRMED.

---

[1] To the extent that Solis urges that the district court erred in denying his motion for a U.S.S.G. § 5K1.12 departure, the claim fails for lack of jurisdiction because, as Solis concedes, the district court's decision was based on its determination that a departure was unwarranted on the facts on the case rather than on a mistaken conclusion that the Guidelines did not permit such departure. *See United States v. Buck*, 324 F.3d 786, 797-98 (5th Cir. 2003).