# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10608
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CASEY ROSE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-367-26

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Casey Rose appeals his convictions for conspiracy to possess 500 grams or more of methamphetamine with the intent to distribute, possession of methamphetamine with the intent to distribute, and possession of a firearm by a convicted felon, as well as his resulting life sentence. For the first time on appeal, he argues that the district court violated his Sixth Amendment rights when it denied his motion to substitute counsel and allowed him to proceed pro

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

se.  He also asserts for the first time that the district court violated his due process rights and denied him the right to present a defense when it denied his pretrial motion for a continuance to conduct legal research.  However, he has abandoned this claim by failing to adequately brief it.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993; FED. R. APP. P. 28(a)(9); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).  Alternatively, he affirmatively waived the claim by withdrawing his request for a continuance at the pretrial conference and specifically asking the court to proceed with trial as scheduled.  *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).

Rose's claim that the district court violated his Sixth Amendment rights by denying his request for the appointment of substitute counsel is without merit.  As the district court determined, Rose failed to establish grounds for replacing his counsel, Scott Miller Anderson and substituting new counsel.  The court found Rose's assertion that counsel had lied to him to be incredible, and this court will not revisit that determination.  *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990).  The record indicates that Rose's request was based on his disagreement with counsel's strategy, which is insufficient to warrant the substitution of new counsel.  *See United States v. Fields*, 483 F.3d 313, 353 (5th Cir. 2007); *cf. Morris v. Slappy*, 461 U.S. 1, 14 (1983).

The record further shows that Rose understood the risks of self-representation and clearly, unequivocally, and repeatedly expressed his desire to proceed pro se.  *See Faretta v. California*, 422 U.S. 806, 815-21, 835 (1975).  Rose does not now argue that his invocation was unknowing, involuntary, or equivocal, nor does he contend that the district court's colloquy was inadequate.  Rather, he contends that the court ought not to have allowed him to proceed pro se given his obvious lack of legal knowledge and training.  However, because Rose clearly and unequivocally invoked his constitutional

right to self-representation after extensive questioning, the district court had no choice but to allow him to proceed pro se as to do otherwise would have violated his Sixth Amendment rights. *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984); *Faretta*, 422 U.S. at 835-36; *see also United States v. Sanders*, 843 F.3d 1050, 1055 (5th Cir. 2016).

The district court's judgment is AFFIRMED.