IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-60885

PHYLLIS BREWER; DOROTHY CAINE; EDDIE L CAINE; GWENDOLYN
CHANDLER; LOLA CUNNINGHAM; ET AL

                                        Plaintiffs-Appellants

v.

AMERICAN POWER SOURCE, INC

                                        Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CV-135

Before BARKSDALE, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs challenge the adverse summary-judgment on their claims under
the Worker Adjustment and Retraining Notification Act (WARN Act), 29 U.S.C.
§ 2102 et seq. The primary issue at hand is whether a genuine issue of material
fact exists on whether the February 2005 layoffs by Plaintiffs' former employer,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

American Power Source (APS), were a "mass layoff" for purposes of triggering the WARN Act; specifically, whether two APS plants were a "single site of employment" under the Act.   AFFIRMED.

I.

In February 2005, APS laid off 102 employees from its Columbus, Mississippi, plant, including Plaintiffs.  This action was filed in January 2006.  The November 2006 amended complaint, for 49 named Plaintiffs, and "other Plaintiffs similarly situated", claimed APS violated the WARN Act by not providing advance notice of the layoffs.

Following discovery, APS moved for summary judgment on Plaintiffs' WARN Act claim.  APS contended dismissal was proper for several reasons, including that 60-days' notice of the layoff was not required because, under the WARN Act, the layoff was not a "mass layoff" because less than one-third of APS' employees at the "single site of employment" suffered an "employment loss".

Attached to APS' motion were three declarations:  by APS' president, office manager, and plant manager.  The office manager: confirmed the February 2005 layoffs of 102 Columbus employees, out of the 343 Columbus, Mississippi, and Fayette, Alabama, employees; and stated, inter alia, that the Columbus and Fayette plants perform the same function–producing military uniforms to fulfill the same government contract–and share employees.  As noted, APS maintained the Columbus and Fayette plants were a "single site of employment" under the WARN Act.

After receiving two extensions of time, Plaintiffs filed their opposition to summary judgment.  They contended, inter alia, that the Fayette plant's employees should not be counted with the Columbus plant's for purposes of

determining whether a sufficient percentage of employees was laid off to constitute a "mass layoff". Along that line, they maintained, but without providing supporting evidence, that the Columbus and Fayette plants were not a "single site of employment" because, inter alia, they do not routinely share employees.

Defendant replied, contending, inter alia, that Plaintiffs failed to create a genuine issue of material fact on whether one-third of the employees at the relevant "single site of employment" suffered an employment loss.

On 24 September, a pretrial conference was held (in anticipation of a bench trial). On 3 October, however, Defendants' summary judgment was granted on the basis that Plaintiffs failed to produce sufficient evidence to create a genuine issue of material fact. The court noted, inter alia, that Plaintiffs offered no evidence to rebut APS' assertion that no "mass layoff", under WARN, had occurred. It held, inter alia, that the WARN Act's "unexpected business circumstances" exception excused APS' failure to give 60-days' notice. (It did not address the single-site issue.)

On 22 October, Plaintiffs moved for relief from, or amendment of, the judgment. For an issue not controlling for the mass-layoff issue at hand, they pointed to 48 laid-off employees who were not contacted for recall within six months of the layoff and attached declarations of nine such employees. Defendant responded on 24 October. The district court denied the motion. It noted that Plaintiffs "rel[ied] almost entirely upon arguments and facts which, with reasonable diligence, could have been presented to this court originally", and ruled summary judgment remained appropriate.

II.

A summary judgment is reviewed de novo, applying the same standard as did the district court. E.g., Wheeler v. BL Dev. Corp., 415 F.3d 399, 401 (5th Cir. 2005). Such judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

"We resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). No genuine issue of material fact exists, however, if, based on the summary-judgment evidence, no reasonable juror could find for the nonmovant. E.g., Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir.), cert. denied, 128 S. Ct. 181 (2007).

To survive summary judgment, a plaintiff must provide sufficient evidence to create a genuine issue of material fact. E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "This Court has cautioned that conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment." Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002) (citation and internal quotation marks omitted); see also FED. R. CIV. P. 56(e) ("party may not rest upon the mere allegations or denials of the adverse party's pleadings").

A.

As a threshold matter, our de novo review is limited to the evidence that would be properly before the district court when it made its summary-judgment ruling. E.g., Palasota v. Haggar Clothing Co., 499 F.3d 474, 489 n.12 (5th Cir. 2007) (citation omitted). Along that line, Plaintiffs do not appeal from the denial

of their motion for reconsideration. Their notice of appeal stated the 3 October 2007 summary-judgment was being appealed; they did not either amend it to include the order denying reconsideration or file a new notice appealing that order; and their brief does not mention that denial. See Feiss v. State Farm Lloyds, 392 F.3d 802, 806-07 (5th Cir. 2004) (refusing to review reconsideration-denial where no intent to appeal it was shown); FED. R. APP. PROC. 3(c)(1)(B) (stating notice must indicate which judgment is appealed), 4(a)(1)(A) (stating notice can be amended). Thus, our de novo review includes Plaintiffs' opposition to summary judgment, but not their motion for new trial, with the requested supplemental evidence. See, e.g., Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

### B.

Further, the judgment can be affirmed on any basis preserved in district court. See, e.g., Johnson v. Sawyer, 120 F.3d 1307, 1316 (5th Cir. 1997). Here, as it did in district court, APS contends Plaintiffs failed to create a genuine issue of material fact on whether the layoffs constitute a "mass layoff" (including the single-site-of-employment subissue) so that notice would be required under the WARN Act. As noted, the district court did not reach this single-site issue. Although they responded to this issue in district court, Plaintiffs do not brief it here, even though it is raised in APS' response brief. In other words, Plaintiffs did not respond to the issue through a reply brief. We do not consider their district court brief. E.g., Turner v. Quarterman, 481 F.3d 292, 295 n.1 (5th Cir.) (refusing to incorporate by reference district court pleadings), cert. denied, 128 S. Ct. 34 (2007).

C.

Under the WARN Act, an employer must provide 60-days' written notice of a "mass layoff". 29 U.S.C. § 2102(a). A "mass layoff" is defined, in relevant part, as: "an employment loss at the single site of employment . . . for – at least 33 percent of the employees". 29 U.S.C. § 2101(a)(3) (emphasis added). We assume, arguendo, each laid-off employee suffered an "employment loss".

Therefore, to prevail, for summary judgment purposes, on whether APS' February 2005 layoff was a "mass layoff", for which notice was required, Plaintiffs had to provide specific facts creating a genuine issue of material fact on, inter alia, whether at least one-third of the employees at APS' "single site of employment" suffered an employment loss. See 29 U.S.C. § 2101(a)(3), (6); see also, e.g., Ramsey, 286 F.3d at 269 (summary judgment burden).

Again, in moving for summary judgment, APS contended in district court (as it does now) that the February 2005 layoff was not a mass layoff because less than one-third of the employees at its "single site of employment" suffered an employment loss. It asserted that, even if all 102 laid-off employees suffered an employment loss, those 102 do not comprise one-third of the single-site's employees because APS employs 343 employees at the relevant "single site of employment" – the Columbus and Fayette plants. See 20 C.F.R. § 639.3(i)(1)-(5), (8) (describing what constitutes a "single site of employment"); Viator v. Delchamps, Inc., 109 F.3d 1124, 1127 (5th Cir. 1997) (listing factors: "1) the separate facilities are in 'reasonable geographic proximity' of one another; 2) they are 'used for the same purpose'; 3) and they "share the same staff and equipment'" (quoting 20 C.F.R. § 639.3(i)(3))). Defendants also relied upon Carpenters District Council of New Orleans & Vicinity v. Dillard Department Stores, Inc., 15 F.3d 1275 (5th Cir. 1995), in which two sites, one of which was

an expansion of the original site, were held to be a "single site of employment". As discussed, in support, APS relied upon its office manager's declaration stating that the two plants are within 40 miles of each other, manufacture the same uniforms to fulfill the same contract, and share management and payroll personnel; and that the Columbus plant was an expansion of Fayette's facilities.

1.

In opposition to summary judgment, as the district court noted, Plaintiffs presented very little evidence. Moreover, they made no attempt to prove the elements of their claims or dispute APS' summary-judgment evidence.

In district court, Plaintiffs only asserted that the employees in APS' Fayette plant should not be counted with the Columbus plant's employees in determining whether one-third of the employees were affected, contending, as noted, that the Columbus and Fayette plants do not constitute a "single site of employment" because they are in different States and that, although APS occasionally transferred employees between the two plants, those plants did not "share the same staff and equipment". See Viator, 109 F.3d at 1127 (listing the latter as a factor). Plaintiffs did not discuss the managerial personnel APS' office manager declared were shared, and made no attempt to distinguish Carpenters. (Again, Plaintiffs do not even brief the single-site issue here.)

As noted, Plaintiffs were required in district court to provide specific facts in order to create a genuine issue of material fact on whether at least one-third of APS' employees at the relevant "single site of employment" suffered an employment loss. Plaintiffs failed to do so because they offered no facts to create this material fact issue. They have provided no facts that, if proven, entitle them to relief against summary judgment. Restated, plaintiffs have provided no summary judgment proof in support of their assertions and arguments responding to the summary-judgment motion.

In sum, no evidence exists from which a reasonable juror could conclude that one-third of APS' employees at Plaintiffs' single site of employment were laid off. (Again, it is assumed that all laid-off employees suffered an "employment loss".) Therefore, Plaintiffs failed to create a genuine issue of material fact on whether a "mass layoff" occurred so that 60-days' notice would be required.

2.

As discussed, for the second prong for obtaining a summary judgment, APS must be "entitled to judgment as a matter of law". FED. R. CIV. P. 56(c). For the reasons stated above, it is entitled to such judgment. (Accordingly, Defendants' alternative bases for upholding the judgment need not be reached.)

III.

For the foregoing reasons, the judgment is AFFIRMED.