# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

No. 06-41475
Summary Calendar

PAUL ANTHONY ELLIS

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CV-80

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paul Anthony Ellis, Texas prisoner # 1005652, has appealed the dismissal of his petition for a writ of habeas corpus challenging his 2000 Texas conviction of indecency with a child. Previously, we granted a certificate of appealability as to the question whether Ellis's trial was fundamentally unfair because the prosecutors interjected their personal opinions about Ellis's character and discussed matters that were outside the record during closing arguments in the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

punishment phase of the trial and because the trial court refused to declare a mistrial. Ellis v. Quarterman, No. 06-41475 (Jan. 15, 2008) (unpublished; single-judge order).

The certified question was rejected by the state appellate court on direct appeal on state-law grounds. The district court must defer to the state court's adjudication unless the state court's adjudication was "contrary to" clearly established federal law as determined by the Supreme Court. Miniel v. Cockrell, 339 F.3d 331, 336-37 (5th Cir. 2003); 28 U.S.C. § 2254(d)(1), (2). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts." Miniel, 339 F.3d at 337. We review the district court's legal conclusions de novo. See Geiger v. Cain, 540 F.3d 303, 307 (5th Cir. 2008).

The state court determined that the prosecutors made four improper comments. The state court held that the trial court's instructions to disregard the comments had cured their prejudicial effect. Thus, the court held, the trial court had not erred and it was not necessary for the court to consider whether, in light of the record as a whole, the prosecutors' argument had a substantial and injurious effect or influence on the jury's verdict. The state court held also that error had not been preserved as to one of the improper comments. The district court held that the state court's determination was not contrary to clearly established federal law as determined by the Supreme Court.

Ellis contends that the prejudicial effect of the prosecutors' improper comments was exacerbated by their numerosity and persistence. He argues that his life sentence was disproportionate. He complains that the prosecutors' improper comments were intended to inflame the jury to induce it to impose a harsher sentence than was merited under the circumstances of the offense.

Also, Ellis must show that the prosecutors' improper arguments "so infected the penalty phase of the trial with unfairness as to make the resulting

sentence a denial of due process." Barrientes v. Johnson, 221 F.3d 741, 753 (5th Cir. 2000) (quotation marks and brackets omitted); see also Darden v. Wainwright, 477 U.S. 168, 181 (1986). "[T]he burden is on the habeas petitioner to also show a reasonable probability 'that but for these remarks' the result would have been different." Nichols v. Scott, 69 F.3d 1255, 1278 (5th Cir. 1995). In determining whether the habeas applicant has shown a violation of his right to due process, the court should consider whether the improper conduct was persistent or pronounced and/or whether the evidence was insubstantial. Geiger, 540 F.3d at 308. "A curative instruction may reduce the risk of prejudice to the defendant." Hughes v. Quarterman, 530 F.3d 336, 347 (5th Cir. 2008). "[T]he appropriate standard of review for such a claim on writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power." Darden, 477 U.S. at 181 (quotation marks omitted).

The prosecutors' improper comments in the instant case involved state-law violations only and were not of constitutional dimension. See Derden v. McNeel, 978 F.2d 1453, 1454, 1457-58 (5th Cir. 1992) (en banc). Under Derden habeas applicants asserting denial of due process claims based on cumulative error must refer to errors committed in the state trial court that were not procedurally barred from habeas corpus review, that were of constitutional dimension, and that, more likely than not, caused a suspect verdict in light of the record as a whole. 978 F.2d at 1458; see also Turner v. Quarterman, 481 F.3d 292, 301 (5th Cir.), cert. denied, 128 S. Ct. 34 (2007). Moreover, the second comment complained of by Ellis was responsive to arguments made by Ellis's attorney during his closing argument. See Darden, 477 U.S. at 182. Also, Ellis makes no argument with respect to the state court's determination that his due process claim related to the third improper comment was procedurally barred. See Turner, 481 F.3d at 301. Therefore, we have disregarded the second and third comments in determining whether the prosecutors' improper comments "infected

the trial with unfairness." See Darden, 477 U.S. at 181; see also Derden, 978 F.2d at 1458. Ellis is left with one prosecutor's comment expressing his opinion that Ellis was not a "person" and another prosecutor's comment regarding the fact that Ellis had received a probated sentence for which he was not eligible with respect to a prior conviction.

Ellis has not shown that the prosecutors' improper comments "so infected the penalty phase of the trial with unfairness as to make the resulting sentence a denial of due process." Barrientes, 221 F.3d at 753; see also Darden, 477 U.S. at 181. Nor has he shown that the state court's determination that the trial court's instructions to disregard the comments cured the prejudicial effect of the improper comments was contrary to clearly established federal law as determined by the Supreme Court. See Miniel, 339 F.3d at 336-37; see also Hughes, 530 F.3d at 347. The judgment is AFFIRMED.