# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-70037

JOSEPH DANIEL BURNS

Petitioner-Appellant

v.

CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:04CV318-P-D

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joseph Daniel Burns was convicted of capital murder and sentenced to death in Mississippi. The federal district court denied his petition for habeas relief pursuant to 28 U.S.C. § 2254. Burns now seeks a Certificate of Appealability ("COA") to appeal the district court's resolution of his claims that (1) the state violated his Fifth and Sixth Amendment rights when it obtained a handwriting exemplar from him through "trickery" and (2) his trial counsel provided constitutionally ineffective assistance.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To qualify for a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A COA is appropriate when "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The relevant question is the "debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). In capital cases, we resolve any doubts as to whether a COA should issue in favor of the petitioner. *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005).

The district court dismissed Burns' claims in a comprehensive 31-page opinion. *See Burns v. Epps*, 2008 WL 3871727 (N.D. Miss. August 14, 2008). In his instant motion for a COA, Burns fails to substantially respond to the district court's analysis and instead reiterates his initial arguments for habeas relief. After reviewing the record, we agree with district court's opinion and adopt its analysis in full.

Specifically, we hold the following: First, the taking of Burns' handwriting exemplar did not implicate his Fifth or Sixth Amendment rights. *Gilbert v. California*, 388 U.S. 263, 266–67 (1967). Second, Burns has not stated a plausible claim for ineffective assistance of counsel with regard to the trial court's failure to record certain bench conferences, as Burns has failed to allege any specific prejudice. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Third, Burns' ineffective-assistance claim with regard to counsel's failure to secure a psychological expert must also fail, as Burns has failed to specifically indicate what assistance such an expert could have provided. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the

2

investigation would have revealed and how it would have altered the outcome of the trial."). Fourth, Burns has not rebutted the state habeas court's determination that it was Burns' decision to forego presenting mitigation evidence and that trial counsel informed Burns of the likely consequence of this decision. *See Richards v. Quarterman*, 566 F.3d 553, 563–64 (5th Cir. 2009) ("[T]he state habeas court's factual determinations, including its credibility findings, are entitled to a presumption of correctness . . . ."). Accordingly, Burns' ineffective-assistance claim with regard to mitigation evidence must also fail. *Schriro v. Landrigan*, 550 U.S. 465, 475–76 (2007). Finally, we note that Burns does not attempt to challenge the district court's determination that his ineffective-assistance claim with regard to witness Jeff Hale was procedurally barred; accordingly, he is not entitled to a COA on this claim. *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007).

In sum, Burns has not demonstrated that reasonable jurists could debate the resolution of his underlying constitutional claims. S*ee Slack*, 529 U.S. at 484. Accordingly, the motion for a COA is DENIED.