# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2012

Lyle W. Cayce
Clerk

No. 11-60327
Summary Calendar

ROBERT LENOIR,

Plaintiff-Appellant

v.

LEE J. HOWARD, Judge; JIMMY KITCHENS, Prosecutor; STEVEN HAYNES,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:11-CV-17

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Robert Lenoir, Mississippi prisoner # K1175, of murder, and he was sentenced to life in prison.  Now, Lenoir appeals the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted of his pro se, in forma pauperis (IFP), 42 U.S.C. § 1983 civil rights complaint.  We review de novo the district court's dismissal.  *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lenoir sought money damages, arguing that he was denied a fair trial because the judge and prosecutor allowed the witness who testified regarding the forensic pathology evidence to provide perjured testimony. The district court concluded that Lenoir's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). On appeal, Lenoir asserts that his success on the merits would not invalidate his conviction. He also asserts conclusionally that success would only lead to DNA testing on a knife, which also would not invalidate his conviction.

The test to determine whether a claim is barred by *Heck* is not whether success would invalidate the conviction, but whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87. As found by the district court, Lenoir's claim that he was wrongly convicted based on constitutional violations at trial, namely the use of perjured testimony, necessarily implies that his conviction was invalid. *Id.* at 487; *see also Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (concluding that a prisoner's claims that, inter alia, court-appointed counsel rendered ineffective assistance, the district court illegally indicted and sentenced him, and the named defendants conspired to violate his constitutional rights, were barred by *Heck*). Lenoir's assertion regarding DNA testing is deemed waived because he does not adequately brief the issue. *See Turner v. Quarterman*, 481 F.3d 292, 295 n.1 (5th Cir. 2007). Accordingl1y, until Lenoir's conviction is overturned, expunged, or otherwise invalidated, his claims challenging the validity of his criminal trial are barred by *Heck*. *See Heck*, 512 U.S. at 486-87.

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The district court's dismissal of Lenoir's complaint and this court's dismissal of his appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Lenoir previously accumulated one strike and has now, therefore, accumulated three strikes. *See Lenoir v. Palmer, et. al.*, No. 1:10-CV-

00119, slip op. at 1 (N.D. Miss. July 22, 2010) (unpublished).  Accordingly, he is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."   § 1915(g).  Lenoir is also warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.  He should review all pending appeals to ensure that they are not frivolous.

APPEAL DISMISSED; 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.