# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40274
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2019

Lyle W. Cayce
Clerk

BRIAN N. NELSON,

Plaintiff-Appellant

v.

RORY L. GRIFFIN, Deputy Director for Health and Correctional Service; J.
SHAH, Doctor, Bowie County Correction Center; BOB PAGE, Warden, Bowie
Country Correction Center; REGINA LYNCH, Head RN, Bowie County
Correctional Center,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:16-CV-49

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Brian N. Nelson, Arkansas prisoner # 148443, appeals the district court's
dismissal of his 42 U.S.C. § 1983 civil suit after it granted the defendants'
summary judgment motions.  In his complaint, Nelson alleged that the
defendants were deliberately indifferent to his serious medical needs because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

they ignored many of his sick call requests and failed to provide adequate diagnostic tools or treatment for a back injury he received while being transported to his temporary housing in the Bowie County Correctional Center. We review de novo a district court's grant of summary judgment. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

Regarding his deliberate indifference claims, Nelson cannot establish that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). Nelson's mere disagreement with the course of his medical treatment and his insistence that he should have received further treatment are not sufficient to support a claim of deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino*, 239 F.3d at 756. Furthermore, Nelson does not challenge the district court's conclusion that he failed to rebut the applicability of qualified immunity. He has, thus, abandoned any challenge to the district court's alternate basis for the grant of summary judgment. *See Turner v. Quarterman*, 481 F.3d 292, 295 & n.1 (5th Cir. 2007); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED. Nelson's motion for the appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).