# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50623
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2019

Lyle W. Cayce
Clerk

BOBBY EDWARD OXFORD,

Plaintiff-Appellant

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH; DR. JUAN ORTEGA BARNETT; RN EMMA DELANCEY; CCA SUSAN WATERS; PA WANDA ISBELL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:17-CV-139

Before HIGGINBOTHAM, ELROD, and ENGELHARDT, Circuit Judges.
PER CURIAM:*

Proceeding pro se and in forma pauperis, Bobby Edward Oxford, Texas prisoner # 01656735, appeals the district court's grant of summary judgment in favor of the defendants and the dismissal of his pro se 42 U.S.C. § 1983 complaint. He also moves for the appointment of counsel.

We review the grant of a motion for summary judgment de novo. *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013). If the moving party

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shows that the non-moving party did not present sufficient evidence in support of his claims, "the non-movant must come forward with specific facts showing a genuine factual issue for trial" and cannot rely on "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 348 (5th Cir. 2012) (alteration in original) (internal quotation marks and citation omitted).

Oxford alleged that the defendants-appellees were deliberately indifferent to his serious medical needs during and after the back surgery performed by Dr. Ortega-Barnett.  He alleged that Dr. Ortega-Barnett cut nerves and muscles in his lower back, causing him numbness and pain, failed to treat him after his surgery, and failed to recommend that he be provided with a walker upon his discharge from the hospital.  He further alleged that Delancey, Waters, and Isbell failed to provide him with adequate medical care at the Texas Department of Criminal Justice (TDCJ) Boyd Unit both before his surgery and after he returned to the unit.

The district court disposed of Oxford's claims against Dr. Ortega-Barnett as time-barred, as unexhausted, and on the merits.  Oxford has not demonstrated that he filed his complaint within the two-year Texas limitations period, *see Hitt v. Connell,* 301 F.3d 240, 246 (5th Cir. 1998), and has not shown that the two-year period should have been tolled while he had an action pending in Texas state court, *see Rogers v. Ricane Enter., Ind.*, 930 S.W.2d 157, 167 (Tex. App. 1996).

Moreover, "[a] prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation

omitted); *see Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Austin v. Johnson*, 328 F.3d 204, 210 (5th Cir. 2003). "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). Oxford has not met this standard.

In support of his motion for summary judgment, Dr. Ortega-Barnett provided an affidavit and hundreds of pages of hospital records reflecting the care Oxford received before, during, and after his back surgery. No competent summary judgment evidence shows that any nerves were cut or that Dr. Ortega-Barnett engaged in any conduct in connection with the procedure "that would clearly evince a wanton disregard for any serious medical needs," and nothing in the record reflects that Dr. Ortega-Barnett intentionally ignored Oxford's complaints or medical needs. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). While Oxford may not have obtained the relief he had hoped for following the surgery, his dissatisfaction with the success of the surgical procedure is insufficient to show deliberate indifference. *See id.*; *Gobert*, 463 F.3d at 346.

Because there was no competent summary judgment evidence showing that Dr. Ortega-Barnett engaged in any conduct clearly evincing a wanton disregard for Oxford's serious medical needs, the district court did not err in granting summary judgment in favor of Dr. Ortega-Barnett on that basis. We need not address whether Oxford exhausted administrative remedies as to Dr. Ortega-Barnett.

We also affirm the district court's grant of summary judgment in favor of defendants Delancey, Waters, and Isbell. The district court based its summary judgment ruling on the grounds that some of the claims against these defendants were barred by the two-year statute of limitations and that other claims, not barred by the two-year limitations period, were unexhausted. In

determining the time bar issue, the district court did not expressly consider the effect of the state court suit Oxford filed against the defendants some 21 months after his surgery, although the district court did deny Oxford's post-judgment motion which raised the issue for the first time. In any event, Oxford has not shown that he was entitled to tolling for the time during which his state suit was pending or that his state court action precluded him from timely filing his § 1983 complaint. *See Hitt,* 301 F.3d at 246; *Rogers*, 930 S.W.2d at 167.

As for the issue of exhaustion, Oxford asserts, without discussion, that he filed grievances as required and suggests that the TDCJ altered, hid, or destroyed evidence related to the grievances he filed. These unsubstantiated assertions are insufficient to raise a genuine issue of material fact as to whether he complied with the Prison Litigation Reform Act's strict exhaustion requirement. *See Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016); *Jones v. Bock*, 549 U.S. 199, 222, 218 (2007); *see also Turner v. Quarterman*, 481 F.3d 292, 295 & n.1 (5th Cir. 2007) (noting that this court will not consider issues not adequately briefed).

Accordingly, the judgment of the district court is AFFIRMED. Oxford's motion for the appointment of counsel is DENIED.