# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 19-11027

———

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRY CURRY,

Defendant-Appellant

———

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-96

———

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jerry Curry, federal prisoner # 49711-177, pleaded guilty in 2015, without a plea agreement, to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and was sentenced to 300 months of imprisonment and four years of supervised release. He moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion. Curry argues that his attorney was ineffective due to an actual conflict of interest based on his counsel's ignoring an assault

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on Curry at the jail by an inmate who was a member of Curry's former gang. He suggests that his attorney's failure to bring this assault to the attention of the district court resulted in his involuntary guilty plea.[1]

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has denied claims on the merits, a movant must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Curry has not met this standard with respect to his ineffective assistance claim and has therefore not shown an entitlement to a COA.

We construe his motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Curry fails to demonstrate the existence of any disputed facts that, if resolved in his favor, would have entitled him to habeas relief, and, therefore, the district court did not abuse its discretion in not conducting an evidentiary hearing. *See Norman*, 817 F.3d at 235.

COA DENIED; AFFIRMED.

---

[1] Curry does not brief his second ground for relief regarding his medical condition or mental health in his COA motion and brief, and so it is deemed abandoned. *See Turner v. Quarterman*, 481 F.3d 292, 295 n.1 (5th Cir. 2007); *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).